# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-18 39th Avenue, Suite 1003
Flushing, New York 11354

April 13, 2017

Jian Hang, Esq.
Tel : (718) 353-8588
Fax: (718) 353-6288
Email: jhang@hanglaw.com

**VIA ECF**
The Hon. Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street, Room 2220
New York, NY 10007

       Re:    Yang v. Luoyang Uncle Inc. et al
              Case No. 17-cv-623 (LAP)

Dear Hon. Loretta A. Preska:

    Plaintiffs Jiang Yang Yang ("Plaintiff," "Plaintiff Yang," or "Mr. Yang") and Defendants Luoyang Uncle, Inc. ("Luoyang Uncle"), and Wen Wu Chen ("Defendant Chen" or "Mr. Chen") (collectively, "Defendants") respectfully request that Your Honor approve the settlement reached in this matter. A copy of the proposed settlement agreement is annexed herein as **Exhibit A**.

**Settlement Amount**

    Both parties believe that the settlement amount is fair and reasonable. This action was originally brought by Plaintiff for alleged unpaid overtime wages, spread of hours premiums, failure to give a wage notice at time of hire, failure to provide paystubs, and failure to reimburse for expenses relating to tools of the trade pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq., and the New York Labor Law ("NYLL").

    Plaintiff Yang alleged that he was formerly employed as a kitchen staff at Luoyang Uncle, a restaurant owned by Defendants. Defendants hired Plaintiff from August 2016 to October 15, 2016. He alleged that he worked 66 hours per week and was paid a fixed monthly salary of $5000 regardless of the hours he worked.

    If Plaintiff was to prevail on all of his FLSA claims, his unpaid wages, overtime premiums, exclusive of liquidated damages, would total approximately $20,190.20. Plaintiff is confident that he can prove his allegations through witness testimonies and documentary evidence. Defendants, however, alleged that Plaintiff is a chief chef and an exempt employee

who is not entitled to any overtime. Defendants also argued that the Plaintiff's work hours is much less than 66 hours per week.

Nevertheless, the parties agreed on the settlement amount of $20,000.00 in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions.

The gross settlement amount is $20,000.00, inclusive of Plaintiff's counsel's attorneys' fees and costs of $7,066.66 with settlement payments to Plaintiff Yang of $12,933.34. The attorney's fees and costs are allocated as follows: $6,466.66 for fees, and $600 for costs. This reflects a reasonable compromise between the parties' dispute over Defendants' alleged failure to pay overtime compensation, spread of hours pay, and wage notice violations. This amount also considers the costs and the uncertainty of protracted litigation. This settlement was reached after extensive negotiations between the parties and the parties agree that the settlement is fair and reasonable.

### **Attorney's Fees**

The settlement agreement also provides for reasonable attorneys' fees. Pursuant to our firm's agreement with the Plaintiff (**Exhibit B**), the firm will be reimbursed $600 in filing fees, costs, and retain 1/3 of the remaining settlement amount of $19,400 as attorneys' fees, which is $6,466.66 as set forth in Paragraph 1(a) of the Settlement Agreement. Based on my experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorneys' fees.

Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). This case is distinguishable from the case cited in *Cheeks*, wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees. *Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199, 206 (2d Cir 2015) (*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015). Therefore, as 1/3 is standard practice in FLSA claims, it is a fair number for this matter as well.

Hang & Associates, PLLC ("Hang & Associates") represents both plaintiffs and defendants in litigating claims arising out of the employment relationship, including claims for employment discrimination, wage and hour issues, and contact disputes. While the majority of Hang & Associates' plaintiff-side work is contingency based, Hang & Associates typically calculates its attorney fees based on its hourly rate. Mr. Jian Hang, Esq., principal attorney of Hang & Associates, has over ten years of experience in the field of employment law. He currently represents plaintiffs with wage & hour claims in more than 100 lawsuits in federal and state courts and is well respected in the Flushing community. Prior to forming Hang & Associates Mr. Hang practiced labor law at Epstein, Becker & Green, P.C. Hang & Associates focuses exclusively on employment law. Given his years of experience, and the practice's specialized focus on employment law, his hourly rate of $400 per hour is reasonable. The

associate's rate is $275 per hour. Hang & Associates spent 22 hours on this matter, and had it been billing hourly, it would have incurred $9,417.5 in fees and costs. Hang & Associates is receiving $7,066.66 in this settlement agreement. The number of attorney hours represented in the attorney worksheet (attached as **Exhibit C**) is reasonable and represents hours that were necessarily expended on this litigation.

Plaintiff's Counsel and Defendants respectfully submit that the Settlement Agreement is fair and reasonable, and therefore jointly request that the Court approve or so order the Settlement Agreement.

Respectfully submitted,

*/s/ Jian Hang*
Jian Hang, Esq.

3