UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JIAN YANG YANG, individually and on behalf all other employees similarly situated,

      Plaintiff,

- against -

LUOYANG UNCLE, INC. d/b/a UNCLE LUOYANG, WEN WU CHEN, John Doe and Jane Doe # 1-10,

      Defendants.

Case No.: 17-cv-00623

## SETTLEMENT AGREEMENT AND RELEASE

**WHEREAS,** JIAN YANG YANG (hereinafter, "Plaintiff") commenced an action against LUOYANG UNCLE, INC. d/b/a UNCLE LUOYANG, WEN WU CHEN, John Doe and Jane Doe # 1-10, (each singularly hereinafter referred to as "Defendant," and collectively hereinafter referred to as "Defendants") on or about January 26, 2017, in the United States District Court for the Southern District of New York (hereinafter, the "Court"), presently bearing Case Number 1:17-CV-00623 (hereinafter, the "Action") alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and related regulations;

**WHEREAS,** Defendants deny Plaintiff's allegations, and contend that Plaintiff's allegations are unfounded and lack merit;

**WHEREAS,** Plaintiff and Defendants (each singularly hereinafter referred to as a "Party," and collectively hereinafter referred to as "Parties") desire to fully and finally resolve and settle in full all wage and hour claims that any Plaintiff has, had, or may have against Defendants by way of this Settlement Agreement and Release ("Agreement");

**WHEREAS,** Plaintiff's counsel and Defendants' counsel have negotiated in good faith to reach a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's respective claims, Defendants' respective defenses, and the *bona fide* dispute between the Parties;

**NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. **Payment**

    (a) In full and final satisfaction of all issues between the Parties, Defendants shall pay to the Plaintiff the sum of TWENTY-THOUSAND DOLLARS AND ZERO CENTS ($20,000.00) (the "Settlement Sum") by cashier checks or bank checks. The Settlement Sum shall be allocated as follows:

      a. $12,933.34 to "JIAN YANG YANG".

      b. $7,066.66 to "Hang & Associates, PLLC" including $6,466.66 of attorneys' fees and $600.00 of filing fees and costs.

      c. The payment shall be delivered to Hang & Associates, PLLC located at 136-18 39th Avenue, Suite 1003, Flushing, New York 11374 when Defendants sign the agreement

    (b) Hang & Associates, PLLC shall be responsible for distributing the Settlement Sum to Plaintiff five days after the court approves the settlement agreement.

    (c) The Settlement Sum shall be paid to Plaintiff in exchange for full and complete settlement of any and all wage and hour claims or potential wage and hour claims between the Parties, including but not limited to those arising from, involving, or relating to Plaintiff's claims in the Action, including any and all claims for damages, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs.

2. **Wage & Hour Release by Plaintiff**

   In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands concerning wage and hour matters including any and all claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act. This release is limited solely and only to wage and hour claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any wage or hour claims that may occur after that date, or any non-wage and hour claims.

3. **Judicial Review/Dismissal of the Complaint**

   Contemporaneously with the execution of this Agreement, the Parties, by themselves or by their respective counsel, shall execute a Stipulation and Order of Dismissal (annexed hereto

as Exhibit A) dismissing the Action with prejudice, which Stipulation and Order shall expressly provide that, with the Court's consent, the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement. The parties agree to submit this Agreement, together with the proposed Stipulation and Order of Dismissal, to the Court for Judicial review and approval.

### 4. Non-Admission

(a) This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever, and Plaintiff expressly acknowledges that Defendants continue to deny any wrongdoing arising out of Plaintiff's employment and separation thereof.

(b) Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiff in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of Defendants that Plaintiff has suffered any damage. Additionally, the Parties agree that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

### 5. Attorneys' Fees

Except as set forth herein, Plaintiff and Defendants expressly agrees to bear their own attorneys' fees, costs and disbursements incurred in this litigation. No party shall be responsible or liable for the payment of any attorneys' fees for the other party except as set forth herein.

### 6. Acknowledgment

Plaintiff acknowledges that he is receiving consideration under this agreement to which he is not otherwise entitled. Plaintiff acknowledges that he was represented by counsel of his choosing throughout the negotiation and the execution of the Agreement. Plaintiff further represents that he had sufficient opportunity to consider this Agreement; that he read this Agreement and/or had this Agreement explained to them fully and carefully and understand its terms; and that he is signing it knowingly and voluntarily.

### 7. Oral Modifications Prohibited

This Agreement represents the entire agreement between Plaintiff and Defendants with respect to the Action. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by or on behalf of the party

against whom enforcement of any such amendment, supplement, modification or waiver is sought.

### 8. Choice of Law

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

### 9. Effective Date

This Agreement shall become effective immediately upon the Parties' execution.

### 10. Counterparts

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

### 11. Facsimile and Email Signatures.

Any party may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

### 12. Severability.

The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

DATED: 10/9, 2017          JIAN YANG YANG

_Yang Jiam Yang_

DATED: __10 / 6__, 2017      LUOYANG UNCLE, INC.

By: __Wen Wu Chen__

Its: __President__

DATED: __10 / 6__, 2017      WEN WU CHEN, __Wen Wu Chen__

```
```

# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JIAN YANG YANG, individually and on behalf all other employees similarly situated,

                     Plaintiff,

- against -

LUOYANG UNCLE, INC. d/b/a UNCLE LUOYANG, WEN WU CHEN, John Doe and Jane Doe # 1-10,

                     Defendants.

Case No.: 17-cv-00623

**STIPULATION OF DISMISSAL WITH PREJUDICE**

---

        IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for Plaintiff, and Defendants in the above captioned action, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed, with prejudice and without costs or attorneys' fees to any party, as to Plaintiffs or Defendants. This court retains jurisdiction to enforce the settlement agreement and release of this action.

Dated: Oct 6, 2017

For the Plaintiff:
HANG & ASSOCIATES, PLLC

By: _____
Jian Hang, Esq.
Attorneys for Plaintiff
136-18 39th Avenue, Suite 1003
Flushing, NY 11354

For the Defendants:
Wen Wu Chen
On behalf of Luoyang Uncle, Inc.

By: Wen Wu Chen
Wen Wu Chen

928 Amsterdam Ave.,
New York, NY 10025